## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTONIO GORDON,<br> Appellant, | DOCKET NUMBER<br>DC-315H-19-0433-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br> AFFAIRS,<br> Agency. | DATE: June 21, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Antonio Gordon, Washington, D.C., pro se.

Alice Bishop, Bedford, Massachusetts, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

In the May 6, 2019 initial decision, the administrative judge instructed the appellant that the initial decision would become final on June 10, 2019, unless a petition for review was filed by that date. Initial Appeal File (IAF), Tab 10, Initial Decision (ID). On June 11, 2019, one day after the finality date, the appellant filed his petition for review. Petition for Review (PFR) File, Tab 1.[2]

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that he received the initial decision more than 5 days after it was issued, within 30 days after he received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). Here, the appellant has not alleged that he received the initial decision more than 5 days after it was issued. PFR File, Tab 1. Further, because he was a registered e-filer, he is deemed to have received the initial decision on the date of its electronic submission, May 6, 2019. IAF, Tabs 5, 11; *see Palermo*, 120 M.S.P.R. 694, ¶ 3; 5 C.F.R. § 1201.14(m)(2). Therefore, his petition for review of the initial decision was due no later than June 10, 2019, and his June 11, 2019 petition for review was untimely filed by 1 day. ID at 1, 6; PFR File, Tab 1.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4.

---

[2] Pursuant to the Board's regulations, the date of a filing by mail is the postmark date on the appellant's submission. 5 C.F.R. § 1201.4(*l*). In addition, a misdirected filing is normally deemed filed on the date that it was filed with the wrong Board office. *See Branch v. Department of the Army*, 110 M.S.P.R. 663, ¶ 6 (2009); *Simpson v. U.S. Postal Service*, 83 M.S.P.R. 253, ¶ 6 (1999). Accordingly, the date of filing here is June 11, 2019—the date of the postmark on the envelope containing the appellant's petition for review, even though he incorrectly directed it to the regional office, which then forwarded the petition to the Office of the Clerk of the Board. PFR File, Tabs 1-2.

To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that shows a causal relationship to his inability to timely file his petition. *Id.*

In his petition for review, the appellant addressed the merits of his termination but did not offer any explanation for why he failed to submit his petition on or by the June 10, 2019 filing deadline. PFR File, Tab 1. In an acknowledgment letter dated June 18, 2019, the Acting Clerk of the Board informed him that his petition for review was untimely filed and that an untimely petition for review must be accompanied by a motion to either accept the filing as timely and/or waive the time limit for good cause. PFR File, Tab 2 at 1-2. The Acting Clerk provided specific instructions regarding the requirements for such a motion, as well as a form "Motion to Accept Filing as Timely or to Waive Time Limit," and allowed him until July 3, 2019, to submit the motion. *Id.* at 2, 7-8. Furthermore, the Acting Clerk expressly informed the appellant that, if he did not timely submit the motion, "the Board may issue an order dismissing your petition for review as untimely, which would result in the initial decision becoming the Board's final decision." *Id.* at 2. The appellant did not respond to the Acting Clerk's letter.

We recognize that the 1-day delay in this case is minimal and that the appellant is pro se; however, he has not provided any excuse whatsoever to excuse his late filing, despite being afforded an opportunity to do so and explicitly warned that his failure to establish good cause for his untimely filing would result in dismissal of his petition for review. Under similar circumstances, the Board has consistently found that the interests of judicial efficiency and fairness do not permit waiver of the filing deadline. *See Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 6 (2014) (dismissing as untimely filed a

petition for review submitted 3.5 hours late when the appellant did not respond to the Clerk's order regarding timeliness or show that she acted with due diligence in filing her petition); *Pangelinan v. Department of Homeland Security*, 104 M.S.P.R. 108, ¶ 9 (2006) (dismissing as untimely filed the pro se appellant's 1 day late petition for review when she failed to respond to the order on timeliness or otherwise demonstrate good cause for the delay); *Stromfeld v. Department of Justice*, 25 M.S.P.R. 240, 241 (1984) (concluding that a petition for review filed 1 day late was not excused where the appellant offered no reasonable excuse for the delay). Accordingly, because the appellant has not shown that he exercised due diligence or ordinary prudence under the particular circumstances of the case, his petition for review must be dismissed as untimely filed without good cause shown.

In light of the foregoing, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's termination.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.